IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Reading)

| | |
|---|---|
| IN RE:<br>BRADLEY EUGENE STEPP aka Bradley E. Stepp, aka Bradley Stepp<br>  Debtor | Case No. 23-10933-pmm<br><br>Chapter 13 |
| Lakeview Loan Servicing, LLC,<br>  Movant | |
| vs.<br>BRADLEY EUGENE STEPP aka Bradley E. Stepp, aka Bradley Stepp<br> And<br>TANYA L. STEPP, (NON-FILING CO-DEBTOR)<br>  Respondents | 11 U.S.C. §362 and §1301 |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF
FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY**

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, Lakeview Loan Servicing, LLC, and Robert Joseph Kidwell, Esquire, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 and Section 1301 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 15 S 4th St, Coplay, PA 18037, mortgage account ending with "9016".

3. The parties agree that the total post-petition arrearage consists of three (3) monthly payments for the months of December, 2023 through February, 2024 at $1,359.87 each, less suspense in the amount of $320.39, resulting in the total post-petition arrearage amount of $3,759.22.

4. Debtor will cure the post-petition arrearage by making a lump sum payment in the amount of $3,759.22 by March 31, 2024.

5. Debtor agrees to remain current post-petition from this day forward. Beginning March 1, 2024 in the amount of $1,359.87, all subsequent monthly payments and any late charges, shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation shall be by certified check or

        money order payable to **MR. COOPER, NATIONSTAR MORTGAGE, LLC, BANKRUPTCY DEPARTMENT / PO BOX 619094, DALLAS, TX 75261-9741.**

6. If Debtor provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

7. Should the Debtor fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, whichever failure occurs first, the Movant may send Debtor and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362 and §1301, waiving FED. R. Bankr. P. 3002.1 and waiving Bankruptcy Rule 4001(a)(3) so that the Relief Order is immediately effective and enforceable.

8. In the event the Debtor converts this case to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362 and §1301, and waiving Rule 4001(a)(3) so that the Relief Order is immediately effective and enforceable.

9. In the event the Bankruptcy case is dismissed, discharged or converted, this order becomes null and void.

10. Debtor's tendering of a check to MR. COOPER, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

11. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Dated: February 27, 2024

/s/ Andrew Spivack
Andrew Spivack, Esquire
Attorney for Movant

/s/ Robert Jopseh Kidwell
Robert Joseph Kidwell, Esquire
Attorney for Debtor

SCOTT F. WATERMAN [Chapter 13], Esquire
Trustee